All right. Good morning. Before I get into it, there are a couple of cases that I wanted to flag for the court that were not brought up. Oh, I'm sorry. My name is Dan Polson. I'm representing Mr. Geozos. If you have cases that were not cited earlier, you'll have to submit a 28-J letter or something in writing after argument with copies to counsel. And they should be new cases because there's no point in submitting cases by way of a 28-J letter when they've been out there before. And I was going to say the government has done a very good job at filing a number of 28-J letters, citing cases that I think were actually brought up in the briefing. So the reason we're here today is because Mr. Geozos is serving a legal sentence. The reason we know it's illegal is because none of his prior convictions qualify as armed crew. Okay. Let's cut to the chase. We're looking at the Florida armed robbery statute because the others, even if they are violent felonies, there aren't enough of them. So if the Florida robbery statute doesn't count, that's the crux of it. And if it does, the sentence is correct because there were three of them. I think the thing that is most troubling to me is that you're asking us to disagree with the circuit in which Florida sits, which has held that this statute is categorically a match. So why should we disagree? There are many reasons to disagree with that conclusion. The case that Your Honor is referring to is United States v. Lockley. It's a 2011 decision from the 11th Circuit, and there have been a number of subsequent cases in the 11th Circuit that have cited to that case. The reasoning of that case, though, is deeply flawed, and it's not hard to find problems with that decision. In the first instance, the 11th Circuit botched the categorical analysis. So categorical analysis, the first step is to identify the elements of the statute under consideration. Before you get there, let me just ask you how we're to treat this. We've got In re Mor, which is a 2016 case from the 11th Circuit, and then we've got In re Chance. And that's unpublished, correct? Beg your pardon? In re Mor, right? I believe you're talking to In re Mor and In re Chance, the two 11th Circuit unpublished decisions. Correct. And those cases were cited with respect to the burden issue. I guess the parties are in kind of disagreement over whether or not a defendant who's seeking relief under Johnson needs to show that the residual clause was the exclusive basis. Well, In re Chance wasn't published either, was it? No, it was not. Those are two unpublished cases. You've got members of the court strongly disagreeing with one another. Right. There's a lot of intra. The 11th Circuit has a lot of interesting things. They're not happy with each other. They're not. And you can see that because every time they issue a new decision based on Lockley, there's usually a dissent by one of the judges on the panel saying that there's a problem with the court's analysis. From your perspective, we're supposed to look at the statute to determine whether it's a categorical match and your position is based on the Fourth Circuit case, Winston, and others, that it is not, right? Yeah. And, well, Winston is sort of doubly helpful in the sense that it's a case that talks about the burden of proof that a defendant has for seeking relief under Johnson. But it's also a case that looks to an armed robbery statute. And I believe it was Virginia. I could be wrong on that. But their analysis, I think, is more thorough, more well-researched, and, frankly, falls in line with the way this court has handled Johnson cases. I think that the Lockley decision by the 11th Circuit is an outlier. I don't think this court should have much difficulty disregarding that decision. So is the big problem with the 11th Circuit's analysis that the amount of force that's required under Florida law is really minimal? Is that the big issue, that you can sort of have a non-invasive purse-snatching and it counts in Florida? You nailed it, yes. And I guess the weight of the case law right now, it seems like a lot of the courts that are revisiting robbery statutes in the wake of Johnson are finding out that a lot of these common law robbery offenses are really not robbery. Or at least under common law, it didn't take that much force to commit a robbery. And I would – yeah, Florida is not unique in this regard. It is slightly different, I would say, from, say, the Oregon third-degree robbery statute, which this court found was not a violent felony in United States v. Strickland. It was a site in the briefs, but that is a relevant case that we can point out in a 28-J letter. But it's a little bit different in Florida because when this court struck down a Massachusetts armed robbery as a violent felony in – I'm blanking on the name – the Massachusetts case, United States v. – oh, shoot, it slipped my mind. But anyway, it's analogous to Gardner in the Fourth Circuit. What this court found, though, was that Massachusetts armed robbery did not require that the perpetrator use violent force. You only had to use as much force as is necessary to overcome the resistance of the victim. And that's the same defect we see in the Florida armed robbery statute. But since we don't have a whole lot of time, let's put this issue aside for the moment and talk about the fact this is an SOS. And it's arguably unclear from my perspective, from the record, whether the sentencing court rested its decision on sentencing based on the violent felony determination on the residual clause. Since we don't know for sure, what's your best argument that the petitioner's claim relies on Johnson 2 and by that I mean the 2015 case? Right. Well, actually, let me point out something. The government has not advanced any real authority for why the government's rule should be the rule. The government has said that a defendant's burden is to show that the residual clause was the exclusive basis, that the judge at the time of sentencing had only the residual clause in mind. The problem is that oftentimes at sentencing, judges don't say which clause they're relying on when they find someone to be an armed criminal. Well, if you're right about the elements clause, it won't make any difference, right? Well, it does with respect to the burden, and I believe that's what we're talking about. In terms of identifying whether or not the court relied on the residual clause at the time of sentencing, our position is it's not necessary. It's not incumbent on a defendant to make that showing because a judge doesn't have to say at sentencing what clause they're relying on. And so if the judge wasn't relying on the residual clause, then it wouldn't be here. I think that as long as you can say the residual clause could have been relied on, the language that the Winston court relied on was language to the effect of may have been relied on. The question was, what if it is clear that it wasn't relied upon? Then we just wouldn't be here. We are here, and we're here because there's at least a possibility that the residual clause was relied upon, and your argument is that's enough. Correct. Yeah. I think the language that the Supreme Court used in McAninch was can the government disprove the risk of doubt that the residual clause was that the unconstitutional theory was relied upon at sensing. Which Supreme Court case did you say? And that was where it's the risk of doubt language in McAninch, which is cited in the briefs. But we're really going off of Johnson versus Zerbst in cases involving unconstitutional theories submitted to a jury, deciding whether or not a jury's verdict rested on an unconstitutional theory or not. Do you agree we don't have any case law in our circuit that expressly answers this question? I'd say that in Ray Christian, which is an unpublished case, but that is a helpful – That doesn't answer the question. Well, it's helpful. It's persuasive. But in Ray Christian, this court reversed a district court that had denied relief to a Johnson defendant because the court said I didn't find any reference to the residual clause. And this court reversed and said that it appears that the defendant's sentence may have been based in part on the residual clause, and that was sufficient. But we are firmly advocating for a Winston rule. With respect to the Florida armed robbery statute, since we kind of got sidetracked, the difference between armed robbery in Florida and – A minute and a half. A minute and a half. All right. I'll make this very quickly, make this brief. Essentially, the problem with Florida robbery is, as Your Honor pointed out, it requires de minimis force. It doesn't require that the defendant use force capable of causing pain and injury. If you look through all the Florida cases, that is the one thing that you do not see in their definition of force for purposes of their robbery statute. It does not require proof that the perpetrator used force capable of causing injury. That by itself puts it outside the use of force clause under Johnson 1 and Leocal. And with that, I'll stand down. Thank you. I'll reserve my minute for rebuttal. Well, you don't have it, but you can have it back. Fifty-nine seconds. You are a fast talker. Okay. We're good. You're from the government. It's very disconcerting not to be able to sort of see the time. Good morning, Your Honors. My name is Will Taylor. I represent the United States in this appeal. Welcome to Alaska. Thank you. I'd like to start off with the burden because I think that this is a very important issue in this case. And in all 2255 cases. And I want to start out by saying when a petitioner is making an actual innocence claim, when he's saying that he's actually innocent, he can't just show that he may be innocent. He has to show by a preponderance of the evidence. And here, the appellant is advocating that they have a lower burden in the Johnson case, that they have to show simply that they may have been affected. But the reason that petitioners in 2255s have that burden is because there is a presumption of finality and legality in these convictions. On the other hand, the Supreme Court has said that the residual clause is not constitutional. Right? Well, yeah, that's correct. And that that should apply on collateral review. Right. And that is if they need to. So it seems to me that then the more narrow question is, how do we know whether a person was sentenced under the residual clause when ordinarily that's not a conversation that a sentencing court has had in the past? There was no need to have it. And so my guess is, without having any scientific basis for this, is that, you know, 90% of the sentencings, it won't be clear whether it's under the residual clause or under the elements clause. Well, I would say there is going to be a basis to discuss the residual clause. I mean, the residual clause, as we all know, was found so vague that it was unconstitutional. And it would seem odd that a judge would sentence someone under the residual clause with no discussion from the government on the issue, no discussion in the pre-sentence report, no discussion from the defense. And that is what we have in this case. And the judge in the 72… It's really not hard for me to understand because you didn't need to get into the elements because if you couldn't check off what you needed under the elements clause, you had the residual clause, which obviously covered a broad swath. This is within that broad swath. No need to talk about it anymore. I mean, before Johnson, we had cases where I didn't think about it very much because the residual clause seems so broad so that a sentencing judge wouldn't articulate which clause he was relying upon. It seems pretty natural to me. Well, and in this case, the judge, Judge Beisland, who did both the sentencing and the 2255 hearing, stated that he read through the transcripts and he wasn't convinced that he relied on the residual clause at all. And also, looking at the state of the law at the time, it wasn't as if assault only counted under the residual clause or robbery only counted under the residual clause. There was extensive authority that Florida robbery counted under both the residual and the elements clause. Counsel, let me just ask you this. If this were his petitioner's first 2255 motion, we would clearly be applying current law, that is, Johnson, to assess prejudice, would we not? Yes, Your Honor. Okay. Why does it make any sense then that we would apply former interpretations to determine whether there's prejudice in a second or successive 2255 motion when the Supreme Court has found that the residual clause is unconstitutionally vague? I think the question is not whether it's whether they've proven carried their burden. I get your point about the burden of proof. I'm asking you, as a matter of common sense, why it makes sense. If this were a first appeal, there would be no question that Johnson, too, would apply. Why should it make any difference that this is a second or successive attempt where you're dealing with a statute that the Supreme Court has found to be unconstitutionally vague as far as the residual clause is concerned? I guess our position would be even on a first, they would still have the burden of showing that the residual clause in some way played a role in their sentencing. That's really the government's main argument, that they haven't met their burden, right? Correct. Really, this is a situation where there is ways that you can look at this case to define that there's no evidence that was relied upon. Again, the state of the law at the time is Florida robbery counted under the Elements Clause, under the Eleventh Circuit, the assault counted under Ninth Circuit law. The only time that the residual clause was somewhat discussed is in the burglary context. It was brought up throughout these hearings. Again, when petitioners and other 2255s come before the court, they have to show by a preponderance of evidence. They don't have to show it in absolute certainty or anything, but there needs to be at least something. Here, this record is devoid of any mention of the residual clause. Again, the sentencing judge himself said he's not convinced that the residual clause played any role. But even moving on to the merits of the argument, the Florida robbery, again, counted under the Elements Clause, qualified under the Elements Clause at the sentencing hearing, and it continues to qualify today. Wait, wait. Isn't it broader when you look at it, looking at the elements of the statute, isn't it broader than what we've got here in the federal setting? No, I mean, I think it aligns very well with the Hobbs Act robbery, where a Hobbs Act robbery is taking property by means of actual or threatened force or violence or fear of injury. And the Florida Supreme Court said, or the Florida statute says, when in the course of taking, there is use of force, violence, assault, or putting in fear. I mean, the elements are very, very similar. It's very similar to the federal bank robbery statute as well. And, again, I mean... I'm sorry. Finish the answer to that. Oh, please, go ahead. At the time of the sentencing in this case, which was 2007, the 11th Circuit has held that the Florida robbery statute, not armed robbery, and one of these was a robbery, qualified under the Residual Clause. So why isn't that enough sort of circumstantial evidence that if the court was thinking about, okay, what do we know about the Florida statute, that the Residual Clause would have played a role in the decision? I think the Lockley decision from 2001, from my memory, said it qualified under both the elements and the Residual Clause. Well, I thought that Wilkerson said the Residual Clause for the non-armed robbery part. I may be wrong about that. I can't remember all the details of that. I apologize, Your Honor. If you would like, I could submit additional briefing on that case alone. I'm still struggling with, and I guess I also wanted to ask you, regardless of the statutory definition, when we have a series of decisions that seem to permit Florida robbery and even armed robbery to be committed without what we all normally think of as force or violence, the typical purse snatching, which was talked about in Strickland under the Oregon law, where you may have a weapon in your pocket that the person never sees, and you grab their purse. I guess I just have trouble seeing how that meets the definition, the federal definition. Well, I mean, it's a strong armed robbery, and so the perpetrator has to use sufficient force to overcome the resistance from the victim. And under Johnson, the definition of force is force capable of causing physical pain or injury. And I think that's what the Eleventh Circuit says.  That's capable of causing physical pain or injury. And, you know, a number of cases have been cited by both sides in this. How would that result be consistent with our recent Strickland case? Well, I mean, I guess Washington. Oregon. It's an Oregon statute. Oregon. Again, I'm not familiar with that one. I don't remember seeing it in the briefing. I focused on, I guess, distinguishing it between the when this court struck down the Massachusetts robbery statute and why the Florida is different. And the Massachusetts robbery was essentially that there's no force necessary at all. I'm sorry. What was the time? One minute? Okay. That essentially, as long as you're aware that the property is being taken from you, like if you're getting pickpocketed and you realize your wallet's being taken, technically that qualifies as robbery. But here, I mean, I think whenever you're struggling or overcoming resistance from a victim, I mean, that is strong-arm robbery. That is the definition of force. It's capable of causing physical pain or injury. I mean, there's the McLeod decision from 1976 out of Florida. The lady was struggling over her purse and was pulled down and hit her head and was injured. But that's why I think the 11th Circuit repeatedly has found that this force is sufficient under the Armed Career Criminal Act. And, again, the elements of the Florida robbery align very closely with the Hobbs Act robbery and bank robbery statutes which have been upheld as violent crimes under the Armed Career Criminal Act.  Thank you, Your Honor. You have some amount of time. I think 59 seconds, as I recall. Be generous. Round it off. We'll round it up to a minute. All right. Round it up to a minute. And, of course, when I last spoke with Mr. Giosis, he told me, be sure to bring up the Parnell case. Talk about the Parnell case. That's the case at some point. That's the case I can remember earlier. And counsel just referred to it. Parnell is a case where this court, that was the Massachusetts armed robbery statute. And similar to Florida, Massachusetts defined its armed robbery offense by reference to force or violence, or force and violence. These terms are not self-defining. And as we've seen in Florida, in the Florida system, the definition of force and violence is categorically overbroad. And one final thought with respect to the 11th Circuit's decision in Lockley, that case never actually talked about the issue that's before this court. They were looking at armed robbery by fear. The arguments we're challenging here are with respect to force, the definition of force under Florida law. So I think you can disregard that 11th Circuit decision. And then finally. The point that I think it was Judge Watford made is concurrence in the Massachusetts case, which is Parnell. Massachusetts had what he described as the oddity of taking out that force or violence requirement. But Florida does have at least force or violence. Well, it says that. Well, you may say it's watered down that so it doesn't require violent force. But it's not quite like Massachusetts. It is and it isn't. I guess in both cases the problem is the statute reaches de minimis conduct. So scuffles, unwanted touching, the victim's awareness that the property has been taken from them, those kinds of contacts, which, again, don't satisfy the Johnson 1 standard. And then finally, just with respect to the burden of proof issue. This case has been litigated for approximately two years, and during that time I have not seen the government raise any precedent or any authority for their position. We have identified statutory authority. We have identified circuit precedent or cases in this circuit, and we've also identified out-of-circuit precedent that I think all marshals for a rule that allows Mr. Gios's to go forward with the 2255. I'll leave it at that. Thank you so much. Thank you. The case just argued is submitted, and we appreciate very much the arguments from both of you.
judges: Graber, Clifton, M. Smith